# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MANDY GREENFIELD,            )
                             )
            Plaintiff,       )
                             )
v.                           )     Case No. 18-cv-2655-DDC-TJJ
                             )
NEWMAN UNIVERSITY, INC., et al., )
                             )
            Defendants.      )

## ORDER

During the November 22, 2019 hearing on Plaintiff's Motion to Compel (ECF No. 67), the Court considered objections raised by Defendant Newman University, Inc. (Newman) to certain of Plaintiff's document requests on grounds of attorney-client privilege and work product. The Court determined it appropriate to review in camera the documents identified in Newman's privilege log numbers 12, 13, 56-58, and 62-65, and directed the parties to simultaneously submit arguments regarding the work-product nature of document numbers 68-71. The parties made their timely submissions. The Court has reviewed each of the documents and rules as follows.

**I.      Legal Standards**

The essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived.[1] Under the law of this circuit, an attorney's communication to a

---

[1] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009).

client is also protected if it is "related to the rendition of legal services and advice."[2] The party asserting the privilege bears the burden of establishing its existence.[3]

Although the privilege protects disclosure of substantive communication between attorney and client, it does not protect disclosure of the underlying facts by those who communicated with the attorney.[4] The communication is protected from disclosure only if a connection exists between the subject of the communication and the rendering of legal advice,[5] and legal advice "must predominate for the communication to be protected."[6]

To establish work product protection, a party must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[7] The party asserting the protection has the burden to establish work product protection with a clear showing that it applies.[8]

## II.  Analysis

---

[2] *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1370 (10th Cir. 1997); *see also Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 2192885, at *5 (D. Kan. July 25, 2007) ("The privilege applies to communications from the client to the attorney and from the attorney to the client.").

[3] *Lewis v. UNUM Corp Severance Plan*, 203 F.R.D. 615, 618 (D. Kan. 2001) (citing *Great Plains Mut. Ins. Co. v. Mut. Reins. Bureau*, 150 F.R.D. 193, 196 (D. Kan. 1993)).

[4] *IMC Chemicals, Inc. v. Niro, Inc.*, No. 98-2348, 2000 WL 1466495, at *8-9 (D. Kan. July 19, 2000).

[5] *Burton v. R.J. Reynolds Tobacco Co.,* 175 F.R.D. 321, 328 (D. Kan. 1997) *("Burton II")*.

[6] *Burton v. R.J. Reynolds Tobacco Co.*, 170 F.R.D. 481, 484 (D. Kan. 1997) *("Burton I")*.

[7] *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000).

[8] *Lewis*, 203 F.R.D. at 622 (citations omitted).

The Court has determined that for purposes of Newman's claim of work product protection, Defendant has not demonstrated that any party anticipated litigation earlier than December 1, 2017, the date on which the Newman board of trustees voted to engage counsel to conduct investigations regarding the Title IX investigation.[9] That date informs the Court's ruling on certain documents.

### *Documents Nos. 12, 13, 56-58, 62-65*

Document No. 12 is an email from Teresa Bartels, Newman board chair and officer, to counsel seeking legal advice about an attached document from Plaintiff. The substantive portion of the email is protected by the attorney-client privilege and the Court will not direct Newman to disclose the portion it has redacted.

In Document No. 13, Newman has redacted from a December 20, 2017 email from Ms. Bartels to counsel the sender, recipient, and message that says in full "FYI." The redacted content does not seek legal advice and is not work product. The redacted portion does nothing more than show that Newman shared Plaintiff's amended whistleblower complaint with counsel. Newman shall produce an unredacted version of the document.

Document No. 56 is not protected as attorney-client or work product. The document merely conveys underlying facts. The notes containing those facts are dated and appear to have been taken November 22-24, 2017, which is earlier than Newman has established any party anticipated litigation. Newman shall produce an unredacted version of the document. Document No. 57, however, is a communication from Bartels to counsel and between counsel and is appropriately redacted.

---

[9] The Court does not find sufficient evidence to make November 27, 2017 the earliest date on which any party to this case anticipated litigation. The executive committee meeting notes from that date indicate the committee discussed one or more ongoing Title IX investigations, but there is no mention of Plaintiff.

Document No. 58 is a letter to Jennifer Gantz, Newman's Vice President for Finance and Administration, from President Noreen Carrocci. The two phrases Newman has redacted are not attorney-client communications because they make reference to no express or apparent communication with counsel. Neither are they work product, as there is no indication this document was prepared in anticipation of litigation. Newman shall produce an unredacted version of the document.

Document No. 62 is a three-page document. The first page is not protected by attorney-client privilege, as it is not a communication by or to a lawyer. The remaining two pages are communications between attorney and client and are privileged. Newman shall produce an unredacted version of the first page of Document No. 62 (N-G-A001704).

Document No. 63 is a fax cover sheet that accompanied a factual narrative that appears to have been prepared by Katie Link, an HR Specialist at Newman. The version Newman produced has the recipient and the recipient's fax number redacted from the first page, but that information is not protected by either attorney-client or work-product privileges. The version Newman produced redacted the words "the lawyers" from the three-page narrative of facts, words which do not create attorney-client privilege. Neither does Newman demonstrate the undated narrative is work product, as there is no indication it was prepared at counsel's direction or for purposes of litigation. Moreover, the latest date it refers to is in the latter part of November. Newman shall produce an unredacted version of the document.

Document No. 64 is a document dated December 21, 2017 from Ms. Gantz to counsel and President Carrocci. It seeks legal advice and is clearly prepared in anticipation of litigation. The Court will not direct Newman to disclose the portion it has redacted.

Document No. 65 consists of minutes of several meetings of the executive committee of the Newman board of trustees. Newman has redacted portions of each one except for those from the meeting on January 10, 2018. From the November 27, 2017 minutes, the words Newman redacted are not protected by the attorney-client privilege. No lawyers were present at the meeting, no communications with an attorney are recorded, and the fact that Newman was going to seek counsel is not privileged. Newman shall produce an unredacted version of page N-G-A001786. From the December 1, 2017 meeting minutes, Newman has redacted the names of counsel who appeared, the report by President Carrocci that she had met with counsel (without describing the contents of the meeting), and the vote to retain counsel to conduct the Title IX investigation. None of those entries constitute attorney-client privilege, as they do not reveal the substance of any communication with counsel. The paragraph number 4 is communication between client and counsel and was properly redacted. Newman shall produce page N-G-A001787 with only the paragraph number 4 redacted. From the December 6, 2017 meeting minutes, Newman has appropriately redacted that portion which directly reports communications between client and counsel. However, the first redaction on that page, which merely names the lawyers who were present at the meeting, is not privileged. Newman shall produce page N-G-A001788 with only the second redaction. From the January 16, 2018 meeting minutes, Newman has again redacted the names of the lawyers who were present, although it did not redact the identity of one of those lawyers elsewhere on the page. That information is not privileged. The second redaction on the page is that portion which contains counsel's report to the board regarding its investigation, which is clearly protected attorney-client communication. Newman shall produce page N-G-A001792 with only the second redaction. From the January 19, 2018 meeting minutes, Newman has redacted the names of lawyers who were present, which are not

privileged. The two remaining redactions from those minutes are also counsel's report to the board regarding its investigation, which is clearly protected attorney-client communication. Newman shall produce pages N-G-A001793-1794 with only the second and third redactions. Finally, with respect to the minutes for the January 29, 2018 meeting, the names of the lawyers in attendance should not be redacted. The remaining redaction reports primarily on the communications between the board and counsel, which are properly protected. However, in the first paragraph of the second redaction, Newman provides no basis for a finding of privilege in the discussion of communications with management/employee relationship consultants. That paragraph is not protected. Newman shall produce page N-G-A001795, redacting only the last five paragraphs of the second redaction.

### *Document Nos. 68-71*

The Court did not order *in camera* review of these documents. Newman asserts work-product privilege for each of these sets of attorney notes concerning Newman human resources issues and investigation, including notes from a telephone call with a witness. The documents are dated between December 4, 2017 and January 25, 2018. Plaintiff challenges whether the documents were prepared in anticipation of litigation based on the date of their creation. The Court has determined that Newman has demonstrated one of the parties anticipated litigation as early as December 1, 2017, the date on which the Newman board of trustees voted to engage counsel to conduct investigations regarding the Title IX investigation. Accordingly, Document Nos. 68-71 fall within the period in which litigation was anticipated and on that basis would be subject to work-product protection.

**IT IS THEREFORE ORDERED** that no later than five business days after the date of this order, Newman shall produce documents to Plaintiff as directed herein.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2019 in Kansas City, Kansas.

                                                                         /s/ Teresa J. James
                                                                         Teresa J. James
                                                                         U. S. Magistrate Judge