**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MANDY GREENFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:18-cv-02655-DDC-TJJ |
| ) | |
| NEWMAN UNIVERSITY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pursuant to this Court's Order Compelling Production of Certain Documents Withheld by Defendant Pursuant to FERPA (ECF No. 101) ("order compelling production"), Defendant Newman University, Inc. ("Newman") provided the written notice to certain students directed by that order. After receiving notice, two students or former students submitted objections in writing to the undersigned Magistrate Judge, and Newman provided for the Court's *in camera* inspection the records related to those students it has withheld from production because of FERPA. The objection period has expired, the Court has reviewed the records and, finding that no hearing is necessary, the Court will order Newman to produce the previously withheld records.

The Court's analysis is hampered by the absence of a standard for determining whether Plaintiff is entitled to unredacted and complete access to the records Newman has withheld. The reason is that FERPA governs the educational institution's conduct vis-à-vis its students, but is silent on the rights of third parties who may seek information. "[I]t is clear that FERPA was adopted to address systematic, not individual, violations of students' privacy and confidentiality rights through unauthorized releases of sensitive educational records. The underlying purpose of FERPA was not to grant individual students a right to privacy or access to educational records, but to stem the growing policy of many institutions to carelessly release student records." *Smith*

*v. Duquesne University,* 612 F. Supp. 72, 80 (W.D. Pa. 1985). Legislative history tells us that the primary purposes of FERPA were: (1) to assure parents and students of access to their educational records, and (2) to protect their rights to privacy by limiting the transferability of their educational records without their consent. 120 Cong. Rec. 39863 (Dec. 13, 1974) (Joint Statement in Explanation of Buckley/Pell Amendment).

FERPA does not create an evidentiary privilege. *See Rios v. Read*, 73 F.R.D 589, 598 (E.D.N.Y. 1977) (noting that the statute did not intend to create a "school-student privilege analogous to a doctor-patient or attorney-client privilege"). Nor is there a private right of action for alleged violations of FERPA's nondisclosure provisions. *Gonzaga Univ. v. Doe*, 537 U.S. 273, 290 (2002).

Keeping in mind the purposes of FERPA, the Court first must consider whether the documents, audio recordings, and video recordings it has reviewed are "education records" under FERPA. The statute did not originally define education records. When the statute was amended in 1974 to add the still-current definition of education records, the sponsors explained they intended to "make clear . . . that parents and students should have access to everything in institutional records maintained for each student in the normal course of business and used by the institution in making decisions that affect the life of the student." 120 Cong. Rec. at 39858-59. The Supreme Court has noted that with this definition, "FERPA implies that education records are institutional records kept by a single central custodian." *Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426, 435 (2002). Certain documents are categorically excluded by a statutory exception to "education records." The Court finds the following exception is relevant in this case:

> The term "education records" does not include . . . in the case of persons who are employed by an educational agency or institution but who are not in

2

> attendance at such agency or institution, records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose.

20 U.S.C. § 1232g(a)(4)(B)(iii). Here, many of the emails and memos that comprise a significant portion of the documents primarily relate to Plaintiff or other employees of Newman.[1] Such documents are specifically excluded from the statutory definition of "education records." Other courts have found that records similar to those at issue here are not education records subject to FERPA. In *Wallace v. Cranbrook Educ. Cmty.*, No. 05–73446, 2006 WL 2796135 (E.D. Mich. Sept. 27, 2006), a former school maintenance worker brought suit for unlawful termination after being terminated "in primary part on anonymous statements given by students" alleging improper sexual behavior toward students. *Id*. at *1. During discovery, the defendant provided the plaintiff with copies of the students' statements with the students' names and addresses redacted. The court granted a motion to compel disclosure of the students' names, rejecting an argument that FERPA prohibited such disclosure. *Id*. at *4–5. The court held that the investigatory notes and the student statements did not constitute education records because they did not relate directly to the students and the information fell within one of FERPA's exceptions relating to employment records. *See also Briggs v. Bd. of Trustees Columbus State Cmty. Coll.*, No. 08–644, 2009 WL 2047899, at *5 (S.D. Ohio July 8, 2009) (student complaints of sexual harassment by a professor were not education records); *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019 (N.D. Ohio 2004) (FERPA inapplicable because the requested incident reports, student and employee witness statements, and disciplinary records of certain teachers contained information that directly related to teachers and only tangentially related to students).

---

[1] Newman has not identified any of these employees as being "in attendance" at the University.

Moreover, the Court directed Newman to include the following language in the notice it provided to the students in question, language which the parties proposed:

> Plaintiff (Mandy Greenfield) has not requested your transcripts, test scores, grade information or information related to your academic performance. In this case, Plaintiff has only requested: (1) documents and other items related to complaints or concerns about Mandy Greenfield; (2) documents related to Title IX investigations; and (3) **documents and communications related to her employment with Newman University**. Your name and possibly other information concerning you appears in one or more responsive documents. The documents produced pursuant to the Court's order will be protected from disclosure by Plaintiff. Plaintiff may use the documents only for purposes of her lawsuit and then must return all documents produced by Newman University to Newman at the conclusion of the lawsuit.

ECF No. 101 at 2 (emphasis added). With this language, Newman announces that responsive documents it has withheld include employment records, and at the same time acknowledges that Plaintiff has not requested any transcripts, test scores, grade information or information related to student academic performance. FERPA is intended to protect records in the latter category. *See Bauer v. Kincaid*, 759 F. Supp. 575, 591 (W.D. Mo. 1991) (finding criminal investigation and incident reports are not education records "because, although they may contain names and other personally identifiable information, such records relate in no way whatsoever to the types of records which FERPA expressly protects; i.e., records relating to individual student academic performance, financial aid or scholastic probation which are kept in individual student files.").

But even if the records at issue are education records, it is important to note that in the order compelling production, the Court wrote the following: "FERPA . . . provides for disclosure of otherwise confidential information 'in compliance with a judicial order' for use in a judicial proceeding. This Order constitutes a judicial order under [FERPA] 20 U.S.C. § 1232g(b)(2)(B)." ECF No. 101 at 1. With a judicial order in place, Newman is able to satisfy its obligation to students whose identity may be revealed by providing notice to such students, and Newman has

done so. In response, two students or former students (they did not identify their current status) submitted written objections to the undersigned Magistrate Judge. In turn, the Court requested access to the records Newman believes may reveal those students' identities. The Court is mindful of the privacy interests the students assert, and consequently places a higher burden on Plaintiff to justify disclosure even though FERPA does not prevent discovery of relevant school records under the Federal Rules of Civil Procedure. Having reviewed the students' objections and the records relating to each, the Court finds Plaintiff has met her burden in this case as the information she seeks is material and necessary to the prosecution of her claims and uniquely within the knowledge and possession of Newman. *See Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d at 1023. Moreover, the Court already has entered an amended protective order that assures appropriate confidentiality of the records, including their return to Newman upon the conclusion of this litigation. *See* ECF No. 91. And the order compelling disclosure requires that if any document produced pursuant to the order is filed with the Court, the FERPA-protected information must be redacted or it must be filed under seal upon leave being granted. ECF No. 101 at 2. With this protection, the Court's ruling comports with the practice in this District. *See C.T. v. Liberal Sch. Dist.*, No. 06-cv-2093-JWL, 2008 WL 394217, at *4–5 (D. Kan. Feb. 11, 2008) (educational records may be disclosed without running afoul of FERPA so long as the school district notifies the parent or student of the disclosure and a protective order restricts the use of such information to this litigation only); *D.L. v. Unified Sch. Dist. No. 497*, 270 F. Supp. 2d 1217, 1243–44 (D. Kan. 2002) (defendants must produce education records pursuant to judicial order where they have not shown how disclosure of the identifying information would subject them to liability, nor have they shown that the requested production would be unduly burdensome in some other respect).

Accordingly, as set forth in the order compelling production, the Court has reviewed two student objections and finds none require a hearing. Within five days of the date of this order, Defendant Newman University shall produce to Plaintiff the information and documents related to the identified students. At the same time, Defendant Newman University shall also produce without redaction the discovery related to such student that is identified or referenced in its Privilege Logs attached to the order regarding production as Exhibit A, including all Confidential Information related to students in those items. Finally, Defendant Newman University is ordered to produce without redaction all remaining items on its Privilege Logs in the same Exhibit A regarding such students for which the Court has not sustained an objection.

IT IS SO ORDERED.

Dated this 28th day of May, 2020, at Kansas City, Kansas.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge