## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MANDY GREENFIELD,             )
                                      )
                   Plaintiff,     )
                                        )
     v.                           )     Case No. 18-cv-2655-DDC-TJJ
                                          )
NEWMAN UNIVERSITY, INC., et al.,   )
                                        )
                 Defendants.   )

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Newman University's Motion for Protective Order (ECF No. 99).  In its motion, Newman seeks an order relieving it from the obligation to conduct ESI searches and produce documents responsive to certain requests in Plaintiff's Second Request for Production of Documents to Defendant Newman University, Inc. Newman also asserts that by virtue of D. Kan. Rule 26.2, filing the instant motion stayed its duty to respond to the remaining requests in Plaintiff's Second Request for Production that are not at issue. Plaintiff opposes the motion. For the reasons set forth below, the Court will deny the motion for protective order.

I.     **Legal Standard for Protective Order**

Newman seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part, that for good cause the court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain

matters."[1] The party seeking the protective order has the burden of demonstrating good cause for it.[2] To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3] Even upon a showing of good cause, however, the Court also considers other factors that were or could have been presented by the party seeking discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[4]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is warranted.[5] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[6] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the

---

[1] Fed. R. Civ. P. 26(c)(1)(A).

[2] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[3] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[4] *See Citimortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012).

[5] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[6] *Seattle Times*, 467 U.S. at 36.

requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[7]

## II.      Relevant Background

On February 4, 2020, Plaintiff served her second set of discovery requests (including Second Request for Production of Documents) on Defendant Newman. The undersigned Magistrate Judge granted Newman an extension of time, until March 26, 2020, to respond to the second set of discovery requests.[8] On March 23, the parties conferred regarding the ESI requests contained in Plaintiff's Second Request for Production of Documents (Second RFPs), but the only agreement they reached is that Newman would produce calendar entries and not emails in response to RFP Nos. 6-12.[9] Newman asserts the parties also discussed but did not reach agreement on RFPs Nos. 1, 16, and 23-26. Plaintiff denies that the parties discussed RFP Nos. 1, 16, or 24, and Newman's reply is silent on the difference. Newman has provided a copy of an email its counsel sent to Plaintiff's counsel following the March 23 conference that recapped the conversation, and its only specific reference is to RFP Nos. 23, 25, and 26.[10] Accordingly, consistent with D. Kan. Rule 37.2, the Court will limit its consideration to RFP Nos. 23, 25, and 26,  as the Court finds those are the only requests about which it appears Newman attempted to confer. And because Newman failed to timely object to RFP Nos. 1, 16, and 24, Newman shall

---

[7] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[8] ECF No. 97.

[9] The parties did agree to a new deadline of April 9, 2020, for Newman's answers to Plaintiff's Second Interrogatories.

[10] *See* ECF No. 100-3 at 3.

produce all non-privileged responsive emails within 15 business days of the date of this order, and all responsive text messages within one week of the date of this order.

## III.    Specific Discovery Requests at Issue

RFP Nos. 23, 25, and 26 seek both emails and text messages between certain Newman personnel that contain designated search terms. But in describing the discovery burden from which it seeks protection, Newman addresses only email searches with no mention in its motion of text messages. In its reply, Newman asserts that it should not have to search for text messages because no discovery conducted to date points to the use of cell phones or texting. But the Court finds that the ubiquity of text messages as a method of communication is a sufficient basis to establish Plaintiff's entitlement to make the request, and Plaintiff is not required to demonstrate relevance. "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[11] Accordingly, the Court finds that Newman has not shown good cause to be afforded protection from searching the designated individuals' text messages.

In addition, D. Kan. Rule 26.2 does not justify Newman's unilateral decision to withhold its responses to the 23 remaining requests in Plaintiff's Second Request for Production. Newman cites no support for its assertion that the rule stays the entirety of the discovery. Instead, the rule states that "[t]he filing of a motion for a protective order . . . stays the discovery **at which the motion is directed** pending order of the court."[12] Newman's motion and the affidavit of its Chief

---

[11] *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005).

[12] D. Kan. Rule 26.2(a) (emphasis added).

Information Officer discuss the costs and burdens it has incurred in producing emails in response to Plaintiff's First Request for Production, and the costs and burdens it would incur if forced to produce emails in response to Plaintiff's Second Request for Production. Twenty of the remaining 23 requests do not seek email, and virtually none of the 20 seek ESI of any type.[13] Newman offers no argument to support a stay of responding to the remaining requests. And in spite of its unsupported claim to the contrary, by failing to timely respond, Newman has waived its objections to RFP Nos. 1-22 and 24.

Because Newman was not permitted to withhold production, the Court will require Newman to produce all non-privileged email responsive to RFP Nos. 1, 16, and 24 within fifteen business days of the date of this order; all text messages responsive to RFP Nos. 1, 16, and 23-26 within one week of the date of this order; and all non-privileged documents responsive to RFP Nos. 2-15 and 17-22 within one week of the date of this order.

### **RFP No. 23**

In RFP No. 23, Plaintiff asks: "For the period of November 18, 2017 to January 31, 2018, produce all emails or text messages between Jennifer Gantz and Katie Link that contain the following [six] terms."  One of the terms is Plaintiff's initials, MG. Newman asserts that searching for Plaintiff's initials is not proportional to the needs of the case, as Plaintiff has acknowledged that no email Newman produced in response to Plaintiff's First Request for Production includes a reference to Plaintiff by her initials, and that the request is duplicative of searches Newman ran for the First Request for Production. In response, Plaintiff agrees to delete three of the six terms. Plaintiff maintains her request for the terms "MG," "complain complained

---

[13] RFP Nos. 1, 16, and 24 ask for emails and text messages, but the Court has addressed those RFPs.

complaining complaint," and "investigate investigated investigating investigation." Plaintiff explains that evidence in a January 2020 employment discrimination trial against Newman revealed that in email messages to other Newman personnel, Kim Long referred to the plaintiff in that case by her initials. Plaintiff also argues that Newman's earlier searches for "complaint" and "investigation" would not have revealed the three variants of those words listed in this request.

The Court agrees that Newman should conduct the search of emails between Jennifer Gantz and Katie Link for the variants of "complaint" and "investigation." Ms. Gantz is a key player in Plaintiff's allegations, and her communications with HR employee Link during these two and a half months are relevant. According to Newman's Chief Information Officer, Newman already has created and stored back-ups of these email accounts and has recreated mailboxes. Although the task of indexing has to be repeated for new sets of search terms, the number of emails to be searched will be significantly reduced by the shortened time period and single correspondent.

However, the Court will not require Newman to search the emails between Jennifer Gantz and Katie Link for Plaintiff's initials. Although the Court does not necessarily find that adding the term to this search would be unduly burdensome, in its discretion the Court does not find compelling the fact that another Newman employee used initials when writing about a complainant. Without more, Plaintiff has not demonstrated the proportionality of this search term.

Accordingly, the Court will grant the motion with respect to the requested search for "MG," and will deny it in all other respects.

**RFP No. 25**

6

This request asks: "For the period of October 1, 2017 to January 31, 2018, produce all emails or text messages between Fr. Gile and Kimberly Long that contain the following [25] terms." Newman contends that its previous search of Kimberly Long's email account makes this request duplicative, and that searching Fr. Gile's email account for the first time would be overly burdensome. Newman points out that Plaintiff knew Fr. Gile's email account was not included in the accounts Newman searched in response to Plaintiff's First Request for Production, but Plaintiff did not complain. Plaintiff explains that during the January trial against Newman, she heard testimony and saw exhibits which revealed that Fr. Gile is Kimberly Long's confidante whom she relied upon for advice as she handled employee complaints and reports of discrimination. Plaintiff also offers to omit eight of the requested search terms.[14]

Plaintiff has offered a reasonable explanation for seeking Fr. Gile's emails, and has limited the request to a single correspondent over a span of four months. The Court finds Newman has not demonstrated undue burden or lack of proportionality with respect to Fr. Gile's email account.

Newman details the search it conducted of Long's email account in response to the First Request for Production, including the search terms used. While it is unclear whether Plaintiff acquiesced to the terms before the search began, Plaintiff does not dispute that she did not bring the matter to the Court's attention in connection with the First Request for Production. Because of the near duplication between the first search and this request, and because the search of Fr. Gile's account will likely alert Plaintiff to any communications between Fr. Gile and Long on

---

[14] One of the eight is "MG." Plaintiff agreed to withdraw the inclusion of "MG" if Newman is ordered to respond to RFP No. 1, which asks for emails Kimberly Long sent, received, or drafted, between September 1, 2017 to present, which contain "MG." The Court has stated its finding that Newman did not confer with Plaintiff about this request, and Newman will be required to produce responsive documents.

these topics, the Court finds that requiring Newman to conduct another search of Long's email account for these terms would be unduly burdensome and not proportional.

Accordingly, the Court will deny the motion with respect to RFP No. 25 insofar as it relates to Fr. Gile's emails, and will grant the motion as it relates to Kimberly Long's emails..

**RFP No. 26**

RFP No. 26 asks: "For the period of October 1, 2017 to January 31, 2018, produce all emails or text messages between Jennifer Gantz and Kimberly Long that contain the following [25] terms." The terms are the same ones listed in RFP No. 25, and Plaintiff offers to withdraw the same eight terms. In other words, the only difference between RFP Nos. 25 and 26 is the former seeks emails between Kimberly Long and Fr. Gile, while the latter seeks emails between Kimberly Long and Jennifer Gantz. Newman adds nothing to the argument it made with respect to RFP No. 25. Plaintiff merely states that in its original search, Newman did not search the Gantz and Long email accounts for all the words in her current request. But both the Long and Gantz email accounts were the subject of extensive searches. Again, while the Court does not necessarily find that performing this search would be unduly burdensome, Plaintiff has not demonstrated how it is proportional for Newman to be required to search for additional emails between Long and Gantz.

Accordingly, the Court will grant the motion with respect to RFP No. 26.

**IT IS HEREBY ORDERED** that Defendant Newman University's Motion for Protective Order (ECF No. 99) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted with respect to: (1) the request for emails responsive to RFP No. 23 using the search term "MG;" (2) the request for an additional search of Kimberly Long's email account for documents responsive to RFP No. 25; and (3) RFP No. 26. It is denied in all other respects.

**IT IS FURTHER ORDERED** that Newman University, Inc. has waived its objections to RFP Nos. 1-22 and 24.

**IT IS FURTHER ORDERED** that Newman University, Inc. shall produce documents as follows: (1) all non-privileged emails responsive to RFP Nos. 1, 16, 23 as limited herein, 24, and 25 as limited herein **within fifteen business days of the date of this order**; (2) all text messages responsive to RFP Nos. 1, 16, and 23-26 **within one week of the date of this order**; and (3) all non-privileged documents responsive to RFP Nos. 2-15 and 17-22 **within one week of the date of this order**.[15]  At the time of each production, Newman University, Inc. shall also produce a privilege log if it has withheld any responsive documents on the basis of privilege.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[15] To the extent the parties have agreed that Newman will produce calendar entries, and not emails, in response to RFP Nos. 6-12, the Court will not interfere with their agreement.