## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MANDY GREENFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   Case No. 2:18-cv-02655-DDC-TJJ |
| | ) |
| **NEWMAN UNIVERSITY, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Plaintiff's Responses to Newman's Third Requests for Production (ECF No.123). Defendant Newman University, Inc. asks the Court to compel Plaintiff to provide responses without objection to certain of its Third Requests for Production of Documents to Plaintiff, and raises challenges to Plaintiff's privilege log. As set forth below, the Court grants Defendant's motion in part and denies it in part.

**I.  Relevant Background**

The Court need not reiterate the many discovery disputes that have occurred in this case. The specific issues raised in this motion are new, however, and require a bit of background. Defendant served its Third Requests for Production of Documents on Plaintiff on March 17, 2020. On April 16, Plaintiff served her responses and objections, but produced no documents. Defendant timely sent a golden rule letter, and on May 15 the parties held a meet-and-confer telephone conference. The parties exchanged emails following their conference but were unable to resolve their differences. After obtaining extensions of time, Defendant timely filed this motion, Plaintiff responded, and Defendant replied. The Court finds the parties have conferred in attempts to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

**II.  Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[1]

Considerations of both relevance and proportionality now govern the scope of discovery.[2] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[3] Information still "need not be admissible in evidence to be discoverable."[4]  The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[5]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[6] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[4] Fed. R. Civ. P. 26(b)(1).

[5] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[6] *Id.*

2

under the pre-amendment Rule.[7] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[9] Relevancy determinations are generally made on a case-by-case basis.[10]

As this action arises under a federal statutory scheme, federal law provides the rule of decision as to application of the attorney-client privilege. The essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived.[11] Under the law of this circuit, an attorney's communication to a client is also protected if it is "related to the rendition of legal services and advice."[12] The party asserting the privilege bears the burden of establishing

---

[7] *Id.*

[8] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[9] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[10] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[11] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009).

[12] *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1370 (10th Cir. 1997); *see also Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 2192885, at *5 (D. Kan. July 25, 2007) ("The privilege applies to communications from the client to the attorney and from the attorney to the client.").

3

its existence.[13]

Although the privilege protects disclosure of substantive communication between attorney and client, it does not protect disclosure of the underlying facts by those who communicated with the attorney.[14] The communication is protected from disclosure only if a connection exists between the subject of the communication and the rendering of legal advice,[15] and legal advice "must predominate for the communication to be protected."[16]

To establish work product protection, a party must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[17] The party asserting the protection has the burden to establish work product protection with a clear showing that it applies.[18]

## III.     Discovery Requests at Issue

With the legal standards in mind, the Court considers the discovery at issue. Defendant's motion challenges Plaintiff's responses to all but 14 of the 38 requests contained in Defendant's Third Requests for Production. Sixteen of the requests at issue seek documents, various forms of media, and/or electronically stored information that Plaintiff or her lawyers possess, provided to or received from four other former Newman employees, each of whom has brought an

---

[13] *Lewis v. UNUM Corp Severance Plan*, 203 F.R.D. 615, 618 (D. Kan. 2001) (citing *Great Plains Mut. Ins. Co. v. Mut. Reins. Bureau*, 150 F.R.D. 193, 196 (D. Kan. 1993)).

[14] *IMC Chemicals, Inc. v. Niro, Inc.*, No. 98-2348, 2000 WL 1466495, at *8-9 (D. Kan. July 19, 2000).

[15] *Burton v. R.J. Reynolds Tobacco Co.,* 175 F.R.D. 321, 328 (D. Kan. 1997) *("Burton II")*.

[16] *Burton v. R.J. Reynolds Tobacco Co.*, 170 F.R.D. 481, 484 (D. Kan. 1997) (*"Burton I"*).

[17] *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000).

[18] *Lewis*, 203 F.R.D. at 622 (citations omitted).

employment-related action against Newman, and from their lawyers. Two of the requests seek draft documents, including pleadings, that Plaintiff or her lawyers provided to or received from three of the former Newman employees and their lawyers.[19] With respect to Plaintiff's own claims, Defendant seeks audio and video recordings, statements, text messages, and phone records. Finally, Defendant asks for documents evidencing a Joint Prosecution Agreement with other counsel regarding this action and their clients' actions against Newman.

Plaintiff contends Defendant is seeking to discover and unfairly benefit from the mental impressions and legal strategy of Plaintiff's litigation counsel. As Defendant admits, its Third Requests focus on communications and other documents exchanged among the plaintiffs and lawyers suing Newman across five separate suits. The Court examines, individually or by category, the requests at issue, keeping in mind that the Third Requests define the words "you" and "yours" as "Plaintiff Mandy Greenfield and all of her agents, representatives, attorneys, etc."

### A. Items shared with other former employees relating to this action or theirs

RFP Nos. 31, 33, 34, and 35 are identical but for the bracketed name. They state as follows:

> Please produce any and all documents, photos, audio recordings, and videos You exchanged with, shared with, provided to, and/or received from [John Walker] [Destiny Clark] [Cindy Louthan] [Sue Ellen Gardner][20] that relate to this action or the actions brought by any of the aforementioned individuals against Newman University, Inc. and within the time period of January 2017 to present.

Plaintiff raises the same objections to each: (1) attorney-client privilege; (2) work-product protection; (3) common-interest doctrine; (4) protection of Plaintiff's attorneys'

---

[19] The fourth former employee is John Walker, who is also represented by Plaintiff's counsel.

[20] Plaintiff also objects to this RFP and others seeking information related to Sue Ellen Gardner on the basis of an inherent conflict of interest as Defendant's law firm previously represented Gardner in her unemployment claims against Newman. That is not a proper objection to a discovery request and the Court does not consider it.

communications with consultants and experts, including other attorneys, for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D); (5) Plaintiff's counsel's communications as a consultant in other cases is protected from discovery; (6) overly broad in time as the events giving rise to this lawsuit began in October 2017, not January; (7) overly broad in scope with respect to the phrase "that relate to this lawsuit;" (8) vague and ambiguous in the use of "any of the aforementioned individuals;" and (9) not proportional to the needs of this case. Plaintiff also states that she is withholding privileged communications.

Defendant argues that Plaintiff has not made a showing with competent evidence that a privilege applies, and even if she had, she waived the attorney-client privilege by disclosures to third parties without a common interest in this case. With respect to RFP No. 31, which seeks documents shared with John Walker, Plaintiff is asked to produce all documents her counsel received from Walker. Because Plaintiff and Walker are represented by the same counsel, the request impermissibly seeks materials protected by Walker's attorney-client privilege that counsel is not free to waive. The Court therefore sustains Plaintiff's attorney-client privilege objection to RFP No. 31.

### 1. Attorney-Client Privilege and Common-Interest Exception

The same situation does not exist with respect to RFP Nos. 33-35 because Plaintiff's counsel does not represent Destiny Clark, Cindy Louthan, or Sue Ellen Gardner. Unless an exception exists, those individuals waived any right to claim attorney-client privilege with respect to materials they shared with Plaintiff or her counsel. Plaintiff asserts that the common-interest doctrine precludes waiver because any confidential information that was disclosed was to a third party who shares a community of interest with the represented party.

Courts in this district and elsewhere treat the common-interest doctrine "not as a separate privilege, but as an exception to waiver of the attorney-client privilege" which "acts as an

exception to the general waiver rule by facilitating cooperative efforts among parties who share common interests."[21] To fit within the protection, communications must be made in the course of a joint effort with respect to a common legal interest and for the purpose of furthering that effort.[22] Most recently, in *Lawson v. Spirit Aerosystems, Inc.*, 410 F. Supp. 3d 1195 (D. Kan. 2019), Magistrate Judge Angel D. Mitchell analyzed what is required to find commonality of interest sufficient to avoid waiver. Lawson, Spirit's retired CEO, brought suit against Spirit seeking to recover what he believed he was due under the terms of his retirement agreement. The retirement agreement had extended his non-compete obligations, which Spirit concluded Lawson had violated through business dealings with Arconic, a company Spirit considered to be a competitor. Spirit informed Lawson he had breached his non-compete, stopped paying him, and demanded he return what Spirit had paid him under the retirement agreement. Lawson brought suit.

The privilege issue arose when Spirit sought to compel Lawson and Elliott (an investor in Arconic) to produce certain communications between them, some of which included their attorneys. Among other claims, Lawson and Elliott sought to withhold the communications on the basis of the common-interest doctrine.

Acknowledging that Kansas state courts have not explicitly recognized the common-interest doctrine, Judge Mitchell joined other judges in this district in concluding that the state courts would follow the weight of authority and apply the doctrine to prevent waiver of attorney-client privilege where parties share a common interest.[23] Defining the doctrine's parameters,

---

[21] *Sawyer v. Southwest Airlines*, Nos. Civ.A.01-2385-KHV, Civ.A.01-2386-KHV, 2002 WL 31928442, *3 (D. Kan. Dec. 23, 2002) (internal citations omitted).

[22] *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815-16 (7th Cir. 2007).

[23] *Lawson*, 410 F. Supp. 3d at 1209 n.3 (citations omitted).

7

Judge Mitchell noted that "[c]ourts have generally required that the nature of the parties' common interest 'be identical, not similar, and be legal, not solely commercial.'"[24] In *Lawson*, Judge Mitchell found that a joint defense agreement entered into by Lawson and Elliott created a relationship akin to that of an insurer and its insured, a relationship recognized by courts as sufficient to warrant application of the common-interest doctrine. In such a relationship, the insurer has a duty to defend its insured, thereby creating identical legal interests.[25] Once Elliott assumed Lawson's defense, privileged communications between Lawson and Elliott relating to actual or potential litigation against the defendant garnered protection by the common-interest doctrine.[26] And when a common interest is established, the clients may "discuss legal advice amongst themselves without waiving privilege if they did so in furtherance of their common interest."[27]

Judge Mitchell rejected a second ground advanced by Lawson, *i.e.*, that Lawson's status as a consultant to Elliott in connection with Elliott's nomination of individuals for election to the board of directors of Arconic created a shared legal interest between Lawson and Elliott in Lawson's action against Spirit. But in advancing that theory, Lawson failed to show he had a legal interest in complying with regulations governing proxy disclosures that would have been identical to Elliott's legal interests.[28] Absent that identity of interest, Judge Mitchell concluded Lawson's service as a consultant did not create a relationship that warranted protection by the

---

[24] *Id.* at 1209 (citations omitted).

[25] *Id.*

[26] Where it is found, the common-interest doctrine can apply to prevent waiver of privilege based on attorney-client or work-product.

[27] *Lawson*, 410 F. Supp. 3d at 1211.

[28] *Id.*

common-interest doctrine.

In contrast to a situation in which identical legal interests exist, the weight of authority holds that a shared desire to prevail in litigation does not amount to a common legal interest justifying application of the common-interest doctrine.[29] In this case, the Court accepts that Plaintiff shares with Destiny Clark, Cindy Louthan, and Sue Ellen Gardner a desire to succeed in their own and each other's actions against Newman. But these individuals do not have identical legal interests, as evidenced by the counts they assert and their different factual allegations. Some plaintiffs may prevail, none other than Louthan may prevail, or all may prevail, but each result will be unique to that action. Accordingly, the Court finds that the common-interest doctrine does not apply. Plaintiff cannot claim attorney-client protection for voluntary disclosures to or from Destiny Clark, Cindy Louthan,[30] or Sue Ellen Gardner. To the extent she claims an exception to waiver of the attorney-client privilege based on the common-interest doctrine, the Court overrules Plaintiff's objections to RFP Nos. 33, 34, and 35.[31]

### 2. Work-Product

As Defendant recognizes, unlike attorney-client privilege waiver, voluntary disclosure of work-product information does not constitute blanket waiver.[32] Once the party objecting to

---

[29] *Id.* at 1210; *see also Cessna Fin. Corp. v. Jetsuite, Inc.*, No. 18-1095-EFM-KGG, 2020 WL 1862577, at *2 (D. Kan. Apr. 14, 2020) (entities that have arguably established a common desire for the same outcome in an action do not establish common interest).

[30] The Court's holding that Plaintiff cannot claim attorney-client protection with respect to Cindy Louthan is limited to a claim of privilege on the basis of the common-interest doctrine. As the Court later explains, Plaintiff's claims of attorney-client privilege arising out of attorney Vernon's attorney-client relationship with Louthan will be recognized.

[31] The same ruling applies to every RFP to which Plaintiff posed an objection based on the common-interest doctrine. This includes RFP Nos. 32, 44-48, 50, 58, 65, and 67.

[32] *E.g., Pipeline Prods. v. Madison Cos., LLC*, No. 15-4890-KHV-ADM, 2019 WL 2106111, at *3 (May 14, 2019) (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 139 (D.C. Cir. 2010)).

discovery establishes that the materials are protected work product, the burden shifts to the party asserting waiver to establish that a waiver has occurred.[33] The question becomes whether the voluntary disclosure was "to an adversary or a conduit to an adversary."[34] Defendant contends that any disclosure of work-product information by Plaintiff or her counsel to John Walker, Destiny Clark, Cindy Louthan, or Sue Ellen Gardner is a waiver of the protection. Defendant posits that disclosure to any of those persons is, by conduit, disclosure to Newman. According to Defendant, Newman could properly discover the disclosures if it sought them in the other lawsuits because no one in those cases could assert work-product protection on behalf of Plaintiff's counsel.

The Court disagrees. Here, Defendant has the burden to show that Plaintiff or her counsel waived work-product protection by sharing the information with a conduit to Newman. Defendant does not suggest that any of the other litigants would voluntarily share Plaintiff's protected information with Newman, a suggestion that would be unreasonable. "A reasonable expectation of confidentiality may derive from common litigation interests between the disclosing party and the recipient."[35] "So long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, they have strong common interests in sharing the fruit of the trial preparation efforts."[36]

Defendant cites no authority which requires the Court to look beyond the immediate

---

[33] *See Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000) (in contrast to the attorney-client privilege, "a party asserting work-product immunity is not required to prove non-waiver").

[34] *Pipeline Prods. v. Madison Cos., LLC*, 2019 WL 2106111, at *3 (quoting *United States v. Deloitte LLP*, 610 F.3d at 139).

[35] *Deloitte*, 610 F.3d at 141.

[36] *United States v. AT & T Co.*, 642 F.2d 1285, 1299–1300 (D.C. Cir. 1980). *See also Cessna Fin. Corp.*, 2020 WL 1862577, at *4 (finding a relationship that is not of identical legal interest, but not adversarial in the sense it would invoke waiver of work-product doctrine, allows withholding documents from production).

recipient of voluntarily disclosed work-product information to determine whether the privilege holder released the information to a conduit of an adversary. Neither does Defendant claim that Plaintiff and the others who have brought suit against Newman are or ever were adversaries. Defendant has not met its burden to show that Plaintiff or those individuals have waived work-product protection of the requested documents. The Court sustains Plaintiff's work-product objections to RFP Nos. 31, 33, 34, and 35.[37]

### 3. Remaining Objections to RFP Nos. 31, 33, 34, and 35

Plaintiff objects to the temporal scope of the request, which seeks production of items from January 2017 to present, and points out that the events giving rise to this lawsuit began in 2017. In response, Defendant offers a single basis for the choice, which is that Plaintiff's Second Requests for Production sought documents as early as January 2017. But the subject matter of Plaintiff's requests did not mirror what Defendant seeks in these RFPs. Without a more persuasive reason to find the temporal scope reasonable, the Court sustains Plaintiff's objection and narrows the scope to the period encompassing October 2017 to present.[38]

The Court rejects Plaintiff's vague and ambiguous objections. The RFPs are clearly stated.[39]

Plaintiff contends the RFPs are disproportional to the needs of the case because aside from material protected by privilege, production would be duplicative because Defendant has

---

[37] Because the Court has sustained Plaintiff's work-product objection, there is no need to address Plaintiff's alternative claim of protection arising out of attorney Vernon's assertion that she served as a trial consultant to Louthan and her counsel during Louthan's trial. The same ruling holds for other RFPs in which Plaintiff raises the objection, which include RFP Nos. 36-43 and 56.

[38] Unless otherwise noted, this ruling also applies to Plaintiff's temporal scope objections to the remaining RFPs.

[39] Unless otherwise noted, this ruling also applies to Plaintiff's objections to other RFPs as vague and/or overbroad. Those include RFP Nos. 32, 36-48, 50, 65, and 67.

11

possession of the requested documents and information from the four other suits. Defendant does not deny or otherwise address this point in its reply, but instead conclusively states that the discovery does not constitute a burden to Plaintiff, that it has expended much time in producing documents to Plaintiff, and that it has no desire for filings and discovery exchanged in the four other suits. Proportionality is not simply a weighing process to determine whether one side's discovery requests are more hefty than the other's. But neither the Court nor Plaintiff can say what items Defendant possesses from the other suits beyond the filings and exchanged discovery. To the extent Plaintiff possesses filings and discovery from the suits brought by Walker, Clark, Gardner, and Louthan that would otherwise be responsive to theses RFPs, she need not produce them. Beyond that, the Court overrules Plaintiff's proportionality objections.

### B. RFP No. 32

In RFP No. 32, Defendants seeks "any and all audio recordings and videos in Your or Your agents or Your attorneys' possession that relate to this lawsuit, including those that support Plaintiff's claims or Defendant's defenses." Plaintiff stated objections of attorney-client privilege, work-product protection, and common-interest doctrine, the last of which the Court has overruled. Plaintiff also objects that the RFP is overbroad and vague, which the Court has also overruled, and that it is duplicative of Defendant's First RFP No. 6 in response to which Plaintiff produced non-protected recordings. In her response, Plaintiff repeats her assertion of having produced all recordings except those her counsel received in the Walker case, but she asserts the latter recordings were produced by plaintiff Walker in his case. Defendant does not dispute or otherwise address Plaintiff's objection in its reply. The Court will not require Plaintiff to produce recordings already produced to Newman, and sustains the objection that the request is duplicative.

### C. RFP Nos. 36 and 37

In these requests, Defendant seeks "documents, photos, audio recordings, and videos"

shared between Plaintiff and her attorneys with Clark's attorneys (No. 36) and Louthan and Gardner's attorneys (No. 37). Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, work as a consultant, overly broad in time, vague and ambiguous, and not proportional to the needs of the case. Defendant offers no individualized argument on these RFPs. Consistent with rulings above, the Court overrules the attorney-client objection with respect to any items shared with attorneys in Clark's and Gardner's cases, rejects application of the common-interest doctrine, and sustains the work-product objection. The requests will be limited to October 2017 to present, and they are not vague and ambiguous.

In addition to claiming that attorney Vernon's service as a trial consultant to Louthan warrants work-product protection under Rule 26,[40] Plaintiff also asserts that Vernon shares an attorney-client relationship with Louthan and her counsel. In her declaration, Vernon describes her attendance at Louthan's January 2020 trial and states the following:

> During the trial, I became part of Dr. Louthan's litigation team with the consent of Dr. Louthan. I entered into a privileged attorney-client relationship with Dr. Louthan for the purpose of rendering legal advice and collaborated with Dr. Louthan and her litigation team on trial strategy. Dr. Cindy Louthan holds the privilege as to those communications. . . .[41]

In his declaration, Louthan's trial counsel states that attorney Vernon became part of the litigation team and "entered into a privileged attorney client relationship with Dr. Louthan for the purpose of rendering legal advice and collaborated with the team on trial strategy. Dr. Louthan did not waive her privilege as to any communications she had with Ms. Vernon."[42] Defendant is dubious about the claim, referring to it as self-serving, but offers no evidence to refute it. While the issue of whether Louthan waived her attorney-client privilege is not properly decided on the

---

[40] The Court has determined that it need not decide this matter. *See* n.37, *supra*.

[41] ECF No. 127-1 ¶3.

[42] ECF No. 127-3 at ¶¶4, 5.

basis of an affidavit from her counsel, Defendant has presented no factual basis for the Court to find waiver. The Court accepts at face value the declarations from officers of the court. As a consequence, the Court sustains Plaintiff's attorney-client objection to RFP No. 37.

### D. RFP Nos. 38 and 39

Defendant seeks documents reflecting communications between Plaintiff and her counsel and Cindy Louthan (No. 38) and Sue Ellen Gardner (No. 39) relating to this case or their cases against Newman. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, work as a consultant, overly broad in time, vague and ambiguous, and not proportional to the needs of the case. Defendant offers no individualized argument on these RFPS.

Consistent with rulings above, the Court overrules the attorney-client objection with respect to any items shared with Gardner, rejects application of the common-interest doctrine, and sustains the work-product objection. The requests will be limited to October 2017 to present, and they are not vague and ambiguous. The Court sustains Plaintiff's attorney-client objection to RFP No. 38 based on the declarations of counsel.

### E.     RFP Nos. 40 and 41

Defendant seeks documents reflecting communications between Plaintiff and her counsel and Destiny Clark's counsel (No. 40) and Sue Ellen Gardner and Cindy Louthan's counsel (No. 41) relating to this case or their clients' cases against Newman. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, work as a consultant, overly broad in time, vague and ambiguous, and not proportional to the needs of the case. Defendant offers no individualized argument on these RFPs.

Consistent with rulings above, the Court overrules the attorney-client objection with respect to any items shared with counsel for Clark or Gardner, rejects application of the common-interest doctrine, and sustains the work-product objection. The requests will be limited

to October 2017 to present, and they are not vague and ambiguous. The Court sustains Plaintiff's attorney-client objection to RFP No. 41 based on the declarations of counsel.

### F. RFP Nos. 42 and 43

In these requests, Defendant seeks drafts of documents and filings shared between Plaintiff or her attorneys and counsel for Clark, Louthan, and Gardner that relate to this case or to their clients' cases against Newman. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, work as a consultant, overly broad in time, vague and ambiguous, and not proportional to the needs of the case. Plaintiff also objects that RFP No. 42 is duplicative of one or two of Defendant's earlier requests which sought documents reflecting communications between these same people and others. Defendant disagrees that the requests are duplicative of its Second Request for Production of Documents Nos. 28 and 29, contending that what is requested in RFP No. 42 does not constitute "communications."

Consistent with rulings above, the Court overrules the attorney-client objection with respect to any items shared with counsel for Clark or Gardner, rejects application of the common-interest doctrine, and sustains the work-product objection. The requests are not vague and ambiguous. The Court sustains Plaintiff's objection to RFP No. 42 as duplicative of Defendant's Second Request for Production of Documents Nos. 28 and 29. The Court sustains Plaintiff's attorney-client objection to RFP No. 43 based on the declarations of counsel.

### G. RFP Nos. 44-47

These four requests seek all non-privileged files that Plaintiff or her attorneys possess that relate in any way to this case or to the suits brought by Walker, Clark, Louthan, and Gardner against Newman. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, overly broad in scope, and not proportional to the needs of the case. Plaintiff also objects that RFP No. 45 is duplicative of Defendant's Second Request for Production of Documents Nos. 28 and 29 which sought documents reflecting communications

between Plaintiff, her attorneys, Clark, and Clark's attorneys, among others.

Consistent with rulings above, the Court overrules the attorney-client objection with respect to any items shared with counsel for Clark or Gardner, rejects application of the common-interest doctrine, and sustains the work-product objection. The Court overrules Plaintiff's objection to RFP No. 45 as duplicative of Defendant's Second Request for Production of Documents Nos. 28 and 29. The Court sustains Plaintiff's attorney-client objection to RFP No. 46 based on the declarations of counsel.

The Court sustains Plaintiff's objection to each of these requests on the basis they are overbroad in scope. A request for files "that relate in any way to this action or the action[s] brought by" the others is both overbroad and vague.

### H. RFP No. 48

Defendant asks Plaintiff to produce any statements she made that support her claims or Defendant's defenses. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, overly broad in scope, and not proportional to the needs of the case. Defendant does not separately address this request in either its motion or its reply, and in Plaintiff's response her only specific reference describes the RFP as vague and ambiguous. Because Plaintiff did not object to the RFP on the latter grounds, she has waived those objections. The request is not overly broad or disproportionate. To the extent Plaintiff has her own statements that are responsive to this request and not subject to attorney-client or work-product protection, she must produce them.

### I. RFP No. 50

Defendant seeks text messages between Plaintiff and anyone other than her counsel that relate to this lawsuit and are within the time period of January 2017 to present. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, overly broad in time, overly broad in scope, duplicative of Defendant's First Request for

16

Production to Plaintiff Nos. 2, 3, and 4, and not proportional to the needs of the case. Again, neither side separately addresses the request or the objection in their briefing.

The Court sustains Plaintiff's objections that the request is overly broad in time, as the events giving rise to this lawsuit began in October 2017, and overly broad in scope. Asking Plaintiff to produce all text messages that relate to this lawsuit expands the request beyond information that could lead to the discovery of relevant information. And while neither party has provided the language of the earlier requests that Plaintiff asserts make this request duplicative, Defendant has not rebutted the objection and the Court therefore sustains it.

### J. RFP Nos. 55 and 56

Presumably in response to Plaintiff's assertion of a common-interest doctrine exception to waiver of attorney-client or work-product privileges, in these requests Defendant seeks any Joint Prosecution Agreements and documents relating thereto between Plaintiff and Louthan's counsel. Plaintiff objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, work as a consultant, protection from discovery of Plaintiff's counsel's trial preparation communications with consultants and experts including attorneys, and not proportional to the needs of the case.

Based on counsel's communications during their conferral process, the Court might have concluded that no such documents exist. But in her responses to these requests, Plaintiff asserts that she is withholding privileged communications. Accordingly, consistent with rulings above, the Court sustains Plaintiff's attorney-client objections based on the declarations of counsel, rejects application of the common-interest doctrine, and sustains the work-product objections. The Court overrules the objection of lack of proportionality.

### K. RFP No. 58

Defendant seeks all documents, notes, and/or recordings of Plaintiff and Father Gile discussing student complaints about Plaintiff during her employment at Newman. Plaintiff

objects on the basis of attorney-client privilege, work-product doctrine, common-interest doctrine, and not proportional to the needs of the case. Although Plaintiff also responds by denying knowledge of any discussion with Fr. Gile about any student complaint about her, she also states that she is withholding privileged communications.

Neither party separately addresses this RFP. The Court presumes the privileged communications Plaintiff refers to involve those between her and her attorney. The substantive portion of her response serves as the functional equivalent of stating that no responsive documents exist, which obviates the need for a ruling on her objections.

### L.     RFP No. 65

Defendant asks Plaintiff to produce any and all documents in her possession, or her attorney's possession, that were created during her employment with Newman and relate to Newman. The Court finds this request overly broad in scope and time, which is among Plaintiff's objections, and need not consider her remaining objections.

### M.     RFP No. 67

In a similarly overly broad request, Defendant asks Plaintiff to produce any and all call records from October 2017 to the present of calls Plaintiff placed or received on any cell phone Plaintiff uses. The request continues with directions for identifying particular entries. The Court finds the request both overly broad and unduly burdensome.

## IV.     Plaintiff's Privilege Log

Plaintiff will be required to further supplement her privilege log to reflect the rulings in this order. Had the Court opined on the current supplemental log, it would have been found wanting. The Court therefore reminds Plaintiff of the requirements of a privilege log:

> The information provided in a privilege log must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied. The courts have required that a privilege log must include the following information:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from # 2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent; a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, that the documents do not contain or incorporate non-privileged underlying facts;

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege.[43]

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel Plaintiff's Responses to Newman's Third Requests for Production (ECF No.123) is **DENIED in part and GRANTED in part.** Where ordered, Plaintiff shall produce documents and a Second Supplemental Privilege Log **within ten (10) business days of the date of this order**.

---

[43] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005) (internal quotations and citations omitted).

**IT IS SO ORDERED.**

Dated this 9th day of November, 2020, at Kansas City, Kansas.

                                              Teresa J. James
                                              U. S. Magistrate Judge